# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER BUCKENBERGER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-856** |
| **WALTER REED, DA, ET AL.** | **SECTION: "J"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Christopher Buckenberger, a state prisoner, filed this *pro se* federal civil rights action against District Attorney Walter Reed, Bruce Dearing, Scott Gardner, Joseph Oubre, and various unidentified individuals. Plaintiff is suing the defendants for their purported actions and inactions which led to him allegedly being denied a timely probable cause determination after his arrest.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is ... malicious ...." 28 U.S.C. § 1915A(b)(1). Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is ... malicious ...." 28 U.S.C. § 1915(e)(2)(B)(i).

The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted). A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Id.

On or about September 26, 2006, plaintiff filed in this Court a lawsuit pursuant to 42 U.S.C. § 1983 against Walter Reed, Joseph Oubre, Scott Gardner, Ernest Barrows, Robert Stamps, John Simmons, and Haywood Jarrell. Plaintiff was further recently granted leave to add the City of Madisonville as a defendant in that civil action. Buckenberger v. Reed - District Attorney, Civil Action No. 06-7393 "F"(3). In that lawsuit, plaintiff claimed that (1) he was falsely arrested for attempted murder and simple assault on a police officer, (2) excessive force was used to effect that arrest, and (3) he was not afforded a timely probable cause determination. Although the claims for false arrest and excessive force have been dismissed, plaintiff's claims regarding the purported failure to provide a timely probable cause determination currently remain pending. The instant complaint, which arises from the same series of events, alleges many of the same facts, and asserts virtually identical causes of actions concerning the purported failure to afford plaintiff a timely probable cause determination, should therefore be dismissed as malicious. See Bailey, 846 F.2d at 1021; Gallegos v. Strain, Civ. Action No. 08-1393, 2008 WL 2185053, at *5 (E.D. La. May 23, 2008).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED** as malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). It is **FURTHER RECOMMENDED** that the dismissal be without prejudice to plaintiff pursuing, or, if necessary, seeking leave to pursue, his claims in Civil Action No. 06-7393 "F"(3).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this sixteenth day of March, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.